UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>           Plaintiff,<br><br>     v.<br><br>THERESA CISNEROS, et al.,<br><br>           Defendants. | No. 1:24-cv-00022 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING THAT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT HE BE REQUIRED TO PAY THE FILING FEE IN FULL<br><br>**(ECF No. 4)**<br><br>OBJECTIONS DUE **APRIL 9, 2024** |
| SHARROD MOTEN,<br><br>           Plaintiff,<br><br>     v.<br><br>CHRISTIAN PHEIFFER,[1] et al.,<br><br>           Defendants. | No. 1:24-cv-00043 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING THAT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT HE BE REQUIRED TO PAY THE FILING FEE IN FULL<br><br>(ECF No. 6)<br><br>OBJECTIONS DUE **APRIL 9, 2024** |

---

[1] The correct spelling of the last name of the warden at Kern Valley State Prison is "Pfeiffer." The Clerk of Court will be directed to correct the spelling on the Court's docket in this case.

1

Plaintiff, a state prisoner proceeding pro se, has filed civil rights actions seeking relief in the two above-referenced matters under 42 U.S.C. § 1983. He has filed applications to proceed in forma pauperis in both matters and the motions are pending. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, these two matters will be related within the meaning of Local Rule 123(a)(3)-(4). In addition, it will be recommended that: (1) certain previously adjudicated cases of Plaintiff's be determined strikes within the meaning of 28 U.S.C. § 1915(g); (2) Plaintiff be identified as a three strikes litigant in the Court's docketing system; (3) Plaintiff's applications to proceed in forma pauperis be denied in both matters, and (4) Plaintiff be required to pay the filing fee in full in both matters prior to proceeding further in them.

## I. RELATION OF CASES

An examination of the above-captioned actions reveals they are related within the meaning of Local Rule 123. Specifically, they both address the same questions of fact and law related to whether Plaintiff is three strikes litigant within the meaning of 28 U.S.C. § 1915(g) and whether, as a result, he should first be required to pay the filing fees in full for both matters prior to proceeding further in them. See Cisneros, ECF No. 5; Pheiffer, ECF No. 5 (orders to show cause). For this reason, the Court will order them to be related. See Local Rule 123(a)(3)-(4). Relating these cases will merely result in both actions being assigned to the same judges. It will not consolidate them.

## II. RELEVANT PROCEDURAL HISTORY

In early January 2024, Moten v. Cisneros, No. 1:24-cv-0022 GSA ("Cisneros"), and Moten v. Pheiffer, No. 1:24-cv-00043 GSA ("Pheiffer") were docketed within five days of each other. See Cisneros, ECF No. 1; Pheiffer, ECF No. 1. After a cursory review of both cases, on January 26, 2024, the undersigned ordered Plaintiff to show cause why he should be permitted to proceed with in forma pauperis status given that it appeared he is a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). Cisneros, ECF No. 5; Pheiffer, ECF No. 5. Plaintiff filed

2

identical showings of cause in both matters.[2]  Cisneros, ECF No. 7; Pheiffer, ECF No. 9.

### III.  IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right."  Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right.").  An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted.  Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same).  The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court.  Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)).  The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials.  Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).

### IV.  THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*."  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted).

---

[2]  Because the showings of cause filed by Plaintiff in both matters are identical, when referencing the document from this point on, the Court will only cite to the showing filed in Cisneros, which is the first-filed matter.

"[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing. See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant).

"Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

### V. PLAINTIFF'S PRIOR STRIKES

A review of court records reveals that at least three cases previously brought by Plaintiff qualify as strikes under Section 1915(g). The Court takes judicial notice of the following lawsuits[3] previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) prior to him bringing the currently pending Cisneros and Pheiffer matters:

- Moten v. Calderon, No. 2:23-cv-02595 DOC SP (C.D. Cal. May 31, 2023) (denial of request to proceed in forma pauperis due to failure to state a claim);

- Moten v. Abrams, No. 2:23-cv-06359 GW (C.D. Cal. Sept. 6, 2023) (denial of request to proceed in forma pauperis due to failure to state a claim);[4]

- Moten v. Phiefer, No. 2:23-cv-06355 DOC SP (C.D. Cal. Sept. 29, 2023) (denial of request to proceed in forma pauperis due to failure to state a claim).

---

[3] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[4] See O'Neil v. Price, 531 F.3d 1146, 1156 (9th Cir. 2008) (stating denial of in forma pauperis application on ground that complaint is frivolous counts as dismissal for purposes of Section 1915(g)); El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (citing O'Neil, 531 F.3d at 1153).

Recently, Plaintiff's appeal to the Ninth Circuit in this case was also specifically dismissed as frivolous. See Moten v. Abrams, No. 23-2493 (9th Cir. Jan. 17, 2024) (appellate court dismissing appeal as frivolous). Therefore, this case is also a strike. See El-Shaddai, 833 F.3d at 1046 (stating appellate affirmances count as strikes when court clearly states appeal is frivolous, malicious or fails to state claim). However, because the judgment in the appellate case was not final at the time Plaintiff filed Cisneros and Pheiffer, it cannot be counted as a strike with respect to these two cases.

VI. PLAINTIFF'S SHOWINGS OF CAUSE

The showings of cause that Plaintiff has filed in Cisneros and Pheiffer[5] are unfocused and do not address the primary questions of why Plaintiff is not a three strikes litigant, or why he should be excused from paying the filing fees in full before proceeding further in these matters. See generally Cisneros, ECF No. 7. Instead, the showings argue that Plaintiff states viable claims in the cases. Id. at 1. They refer to the biases of a judge in a different district before whom Plaintiff has had cases. Id. In the showings, Plaintiff also alleges that he has been retaliated against over an extended period of time in multiple ways. Cisneros, ECF No. 7 at 3-4. Finally, the showings reference cases Plaintiff has filed in a different district, and they attach orders from those cases. Id. at 6, 8-11.

VII. DISCUSSION

A. The Two Matters Were Brought After Three Strikes Accrued

As stated in the Court's order to show cause, Plaintiff's Cisneros case, the first of the two cases filed *after* Plaintiff had accumulated the three strikes above, was brought[6] on December 28, 2023. See Cisneros, ECF No. 1 at 10 (signature dates of complaint and application to proceed in forma pauperis).[7] His Pheiffer case was brought on January 1, 2024. See Pheiffer, ECF No. 1 at 10 (signature dates of complaint and application to proceed in forma pauperis). Because the above-referenced strike cases were dismissed on Section 1915(g) grounds *before* Cisneros and Pheiffer were brought before the Court, as a three strikes litigant Plaintiff was required to pay the filing fee in full in both matters prior to proceeding in them *unless*, at the time that he brought them, he alleged and made an adequate showing that he was in imminent danger of serious physical harm. See 28 U.S.C. § 1915(g) (serious physical harm requirement).

---

[5] For whatever reasons, Plaintiff has entitled the showings of cause "replies." See Cisneros, ECF No. 7 at 1; Pheiffer, ECF No. 9 at 1.

[6] "[A] plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court." O'Neal, 531 F.3d at 1152.

[7] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

B. <u>No Imminent Danger Alleged in the Instant Cases</u>

A review of the complaints in <u>Cisneros</u> and in <u>Pheiffer</u> indicates that Plaintiff did not make plausible allegations of imminent danger of serious physical harm in either of them. <u>See generally</u> <u>Cisneros</u>, ECF No. 1; <u>Pheiffer</u>, ECF No. 1. In <u>Cisneros</u>, Plaintiff alleges claims of racial discrimination, retaliation, cruel and unusual punishment, conspira and deliberate indifference. <u>See</u> <u>Cisneros</u>, ECF No. 1 at 5-9. The claims stem from how he was treated upon transfer from one prison to another in 2021, during the COVID-19 pandemic. The questioned treatment included harassment and failure to receive daily phone calls from his loved ones, and a prison-official-instigated attack on Plaintiff by prison inmates. <u>Id.</u> at 11-17. Nowhere in the complaint does Plaintiff indicate that he was in imminent danger of serious physical harm at the time the complaint was filed, nor do any of the facts he provides in the complaint establish this. <u>See generally</u> <u>Cisneros</u>, ECF No. 1 at 5-17.

In <u>Pheiffer</u>, Plaintiff raises claims of conspiracy and discrimination stemming from incidents that occurred from mid-2022 to late-2023. <u>See</u> <u>Pheiffer</u>, ECF No. 1 at 1-9. In this case, he points to incidents related to illegal cell and body searches, harassment by prison officials, improper issuance of rule violation reports, locking down and/or punishing all races for the actions of a single, different race, amongst others, to support his claims. <u>Id.</u> Here again, however, none of the allegations in the complaint allege that Plaintiff was in imminent danger of serious physical harm at the time he filed the complaint, nor do the facts of any of the incidents alleged indicate that such danger existed. <u>See generally</u> <u>Pheiffer</u>, ECF No. 1.

C. <u>Showings of Cause Do Not Refute the Court's Findings</u>

The showings of cause fail to overcome the Court's preliminary finding that prior to filing <u>Cisneros</u> and <u>Pheiffer</u>, Plaintiff had three strikes within the meaning of Section 1915(g). <u>See generally</u> <u>Cisneros</u>, ECF No. 7. They also fail to address the Court's finding that the <u>Cisneros</u> and <u>Pheiffer</u> matters do not indicate that Plaintiff was in imminent danger of serious physical harm when he filed them. They address neither of these issues, and thus, they fail to refute the Court's preliminary findings.

VIII. <u>CONCLUSION</u>

Because Plaintiff was a three strikes litigant when he filed the instant <u>Cisneros</u> and <u>Pheiffer</u> cases, and  because he has not demonstrated that he was in imminent danger of serious physical harm when he brought them, Section 1915(g) precludes him from proceeding in them without first paying their filing fees in full.  <u>See</u> 28 U.S.C. § 1915(g).  For these reasons, the undersigned will recommend that Plaintiff be declared a three strikes litigant within the meaning of the statute, and further that he be required to pay the filing fees in both matters prior to proceeding further in them.

Accordingly, IT IS HEREBY ORDERED that:

1.  The two matters listed in the case caption of this order, <u>Moten v. Cisneros</u>, No. 1:24-cv-0022 GSA, and <u>Moten v. Pheiffer</u>, No. 1:24-cv-00043 GSA are RELATED within the meaning of Local Rule 123(a)(3)-(4);

2.  The Clerk of Court shall:

   a.  Randomly ASSIGN *the same* District Judge to both of these actions, and

   b.  In <u>Moten v. Pheiffer</u>, No. 1:24-cv-00043 GSA, CORRECT the spelling of named defendant "Christian Pheiffer, Warden" in the case caption of the docket to "Christian Pfeiffer, Warden."

IT IS FURTHER RECOMMENDED that:

1. The following cases be found to be strikes within the meaning of 28 U.S.C. § 1915(g):
   - <u>Moten v. Calderon</u>, No. 2:23-cv-02595 DOC SP (C.D. Cal. May 31, 2023);
   - <u>Moten v. Abrams</u>, No. 2:23-cv-06359 GW (C.D. Cal. Sept. 6, 2023), and
   - <u>Moten v. Phiefer</u>, No. 2:23-cv-06355 DOC SP (C.D. Cal. Sept. 29, 2023).

2. Plaintiff be IDENTIFIED as a three strikes litigant within the meaning of 28 U.S.C. § 1915(g) in the Court's docketing system;

3. Plaintiff's applications to proceed in forma pauperis in <u>Moten v. Cisneros</u>, No. 1:24-cv-0022 GSA (<u>see</u> <u>Cisneros</u>, ECF No. 4), and <u>Moten v. Pheiffer</u>, No. 1:24-cv-00043 GSA (<u>see</u> <u>Pheiffer</u>, ECF No. 6) be DENIED, and

4. Plaintiff be REQUIRED to pay the filing fee in full in both matters within thirty days prior to proceeding any further in them.

8

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations – **by April 9, 2024**, – Plaintiff may file written objections with the Court.  **Objections filed must have both cases listed in the case caption of the filing, they must be identical in content, and they must be filed simultaneously in both cases.**  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 26, 2024**              /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE