UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>                    Plaintiff,<br><br>         v.<br><br>THERESA CISNEROS, et al,<br><br>                    Defendants. | No.  1:24-cv-00022 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR MANDATE<br><br>(ECF No. 13 at 1-2)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO ACCELERATE PROCEEDINGS<br><br>(ECF No. 13 at 3-6) |

The Court here addresses two motions Plaintiff has made in a single filing (ECF No. 13), which make the following separate requests:  **1**- motion for a mandate to "stop clerks collusion violating the due process of the proceeding." ECF No. 13 at 1.  In it, Plaintiff alleges that the Clerk's Offices in the Central District of California and in this district are engaging in misconduct with respect to the pro per filing of documents and/or ensuring that the payments of his filing fees are accepted.  See id. at 1.  **2**-motion for the Court to accelerate and expedite the alternative dispute resolution process and to compel Defendants to provide comprehensive point-by-point responses "to all allegations and evidence within ten (10) days.  See id. ag 3-6.  For the reasons stated below, these requests will be denied in their entirety.

MOTION FOR MANDATE AND TO ACCELERATE ADR PROCEEDINGS

    A.  Motion for Mandate

1

With respect to the filings in this case,[1] Moten v. Cisneros, No. 1:24-cv-00022 JLT GSA, Plaintiff states that the filing fee in it has been paid, but he takes issue with the fact that in another case that he has filed in this district, Moten v. Veith, No. 1:24-cv-00068 KES CDB, "the clerks obstructed the payment," and that such obstruction in his cases "has been consistent over nearly a year." ECF No. 13 at 1-2. He claims that Clerk misconduct extends to the following Eastern District cases in which he is the named Plaintiff- 24cv00022; 24cv00043; 24cv00068; 23cv01157- though Plaintiff states that this "submission is made in support of my case at hand". Plaintiff claims that "this pattern of misconduct" by the Eastern District Clerks "exemplifies a disregard for due process and also reflects a continuous orchestrated conspiracy" and that the clerk's office misconduct is "akin to modern-day slavery".   Plaintiff goes on to claim that recusal motions and objections to findings and recommendations "have been inconspicuously kept off the public PACER system to avoid scrutiny." Id. at 2. As a result, Plaintiff argues, this has shown a "disregard for due process" and reflects "a continuous orchestrated conspiracy." Id. He further alleges that "[t]he clerks have mimicked grievances previously raised by [me] through various petitions, showcasing systematic corruption and retaliatory practices within the judicial system." Id. (brackets added).

Based on these allegations, Plaintiff requests the Court to "mandate an investigation into these constitutional violations and fix these conspiring acts." ECF No. 13 at 2. He also respectfully requests the Court to intervene and "put an end to these due process violations and to ensure that justice is upheld." Id.

B. Motion to Acceleration for an ADR in the Proceedings

In Plaintiff's motion "to acceleration for an ADR in the proceedings", Plaintiff lists both the instant Cisneros matter and another matter that he has before this Court – Moten v. Pheiffer, No. 1:24-cv-00043 JLT GSA – in the second case caption on its start page. See ECF No. 13 at 3 (second case caption page). In it, Plaintiff requests the Court to not only accelerate the

---

[1] Although Plaintiff in his motion references other cases, the Court only addresses his requests as they pertain to the instant case (see below). If Plaintiff desires that his motion(s) be considered in other cases he has before this Court then he needs to file them in those cases.

1  proceedings but also order Defendants to provide point-by-point "responses to the allegations"
2  within ten days. Id. at 3-6.

3  In support of the request, Plaintiff makes allegations of numerous "constitutional
4  violations" asserting some of which have been captured on "body-worn camera footage". ECF
5  No. 13 at 4. He also wishes to have addressed at the ADR hearing an assertion of judicial
6  misconduct and bias "exhibited" by the undersigned and Judge Thurston of this Court; claims of
7  Clerk misconduct; and claims of institutional indifference which he asserts has led to him
8  suffering "significant harm, including [his] contracting COVID-19." Id. (bracket added). He
9  argues that accelerating the proceedings in his Cisneros and Pheiffer matters will "prevent an
10 unjust default judgment stemming from judicial and clerical misconduct." Id. at 5.

11 II.   DISCUSSION
12        A. Moten v. Cisneros, No. 1:24-cv-00022 JLT GSA
13            1. Motion for Mandate to Stop Clerks' Collusion

14 This request must be denied as it is totally unsupported by any verifiable facts or law, and
15 at present is no more than farfetched conjecture based almost totally upon unfounded assertions
16 of orchestrated conspiracies, corruption and retaliatory practices.

17 Furthermore, with respect to motions and/or objections that Plaintiff has filed in this case,
18 the Clerk's Office has docketed those items. For instance, see ECF No. 12 (Plaintiff's Rule 60(b)
19 motion). Plaintiff is advised that any motions that are currently outstanding in this case will be
20 addressed in due course.

21 Additionally, to the extent that Plaintiff makes a general assertion that the Court is
22 keeping motions that he has filed off the PACER docketing system, Plaintiff is informed that any
23 and all documents he files in this case have been and will continue to be docketed by the Court
24 Clerk's office. Consequently, the Court finds that Plaintiff's assertions of "constitutional
25 violations" in the motion are totally without merit and thus this motion will be denied.

26            2. Motion to Accelerate Proceedings
27 Plaintiff's request that the Court accelerate these proceedings so that the matter can move
28 to alternative dispute resolution, and to compel Defendants to provide detailed point-by-point

responses within 10 days (see ECF No. 13 at 3-6), will also be denied as these requests are premature given that Plaintiff has yet to file a complaint that can be served on any specific Defendant (see, Screening order filed May 22, 2024, ECF No. 14).

### B. Moten v. Pheiffer, No. 1:24-cv-00043 JLT GSA

To the extent Plaintiff is attempting to have his requests/motions considered in the Moten v. Pheiffer, No. 1:24-cv-00043 JLT GSA (see, 24cv00022, ECF No. 13), such is denied. If Plaintiff wishes to have his requests/motions considered in the Pheiffer case, then he must file them in that case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for mandate (ECF No. 13 at 2) and his request that this matter be accelerated (ECF No. 13 at 3-6) are both DENIED in their entirety.

IT IS SO ORDERED.

Dated:   **May 24, 2024**              **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

4