UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>    Plaintiff,<br><br>    v.<br><br>THERESA CISNEROS, et al.,<br><br>    Defendants. | Case No.: 1:24-cv-0022 JLT GSA<br><br>ORDER DENYING PLAINTIFF'S RULE 60(B) MOTION AND REQUEST FOR RECUSAL<br><br>(Doc. 12) |

Sharrod Moten seeks to hold the defendants liable for violations of his civil rights while housed at Kern Valley State Prison, Los Angeles County Prison in Lancaster, and the Substance Abuse Treatment Facility at Corcoran. (*See generally* Doc. 1.) Plaintiff filed a "Rule 60(b) Motion to Vacate Judgment" in this action, requesting the Court "grant relief from its previous orders." (Doc. 12 at 1.) He contends he suffered "manifest injustice" and that the Court committed "egregious misconduct." (*Id.*) For the reasons set forth below, these arguments are unavailing, and the motion is **DENIED**.

**I.    Relevant Background**

Plaintiff filed a complaint before this Court on August 3, 2023, initiating Case No. 1:23-cv-1157 JLT BAM.[1] Plaintiff did not pay the filing fee when he filed the complaint. Accordingly, the

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including its own records in other cases. Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Thus, the Court takes judicial notice of its docket and records related to *Moten v. Cisneros*, Case No. 1:23-cv-1157 JLT BAM.

1

Court ordered Plaintiff to either pay its fee or apply to proceed *in forma pauperis* within 45 days. (Case No. 1:23-cv-1157, Doc. 3.) Plaintiff failed to file a motion, pay the filing fee, or otherwise respond to the Court's order. On October 10, 2023, the magistrate judge found Plaintiff failed to obey the Court's order and failed to prosecute the action. (Case No. 1:23-cv-1157, Doc. 5 at 1.) The magistrate judge recommended the action be dismissed without prejudice, after considering the factor set forth by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1241, 1423 (9th Cir. 1986). (*Id.* at 2-4.) Although granted fourteen days to file objections, Plaintiff did not do so.[2] The Court performed a *de novo* review of the matter and adopted the Findings and Recommendations in full. (Case No. 1:23-cv-1157, Doc. 7 at 1-2.) The Court dismissed the action without prejudice on November 16, 2023. (*Id.*)

On January 5, 2024, Plaintiff initiated the matter now pending before the Court. He moved to proceed *in forma pauperis*, and the magistrate judge recommended the request be denied upon finding Plaintiff is subject to the three-strikes provision of 28 U.S.C. § 1915(g) and Plaintiff did not show any imminent danger of serious physical injury. (Doc. 10 at 5-8.) Plaintiff did not object to the Findings and Recommendations. Upon a *de novo* review, the Court adopted the recommendation in full, and ordered Plaintiff to pay the filing fee. (Doc. 11.) Plaintiff then filed the Rule 60(b) motion now pending before the Court. (Doc. 12.) Plaintiff also paid the filing fee in full.

## II.     Relief under Rule 60(b)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

---

[2] Plaintiff submitted only an "Inmate Statement Report" on October 20, 2023. (Case No. 1:23-cv-1157, Doc. 6.) He did not submit a completed application to proceed *in forma pauperis* or file objections.

     prospectively is no longer equitable; or

     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks, citation omitted).

  Plaintiff asserts "the foundation of this motion … harkens back" to the dismissal of another action in November 2023.[3]  (Doc. 12 at 1.)  He contends there was an "unequivocal filing of informa pauperis."  (*Id.* at 1-2.)  According to Plaintiff, a Court of Appeals "reinstated the plaintiff's appeal to proceed in forma pauperis" and the appellate decision rendered any decision by this Court superfluous.[4]  (*Id.* at 2.)  Thus, Plaintiff requests relief from the Court's "previous orders pursuant to Rule 60(b)."  (*Id.* at 5.)

  As an initial matter, it is unclear whether Plaintiff seeks reconsideration of an order filed in *this* action, or reconsideration of the dismissal order in Case No. 1:23-cv-1157 JLT BAM.  To the extent that Plaintiff seeks reconsideration of the Court's orders in another matter, the dismissal of that case is not a matter raised with this new action.  The Court declines to grant relief from its orders in a prior case, as the dismissal is not related to a claim in issue.  *See Stewart v. Macomber*, 2012 U.S. Dist. LEXIS 757 at *1-3 (E.D. Cal. Jan. 3, 2012) (declining reconsideration under Rule 60(b) where a petitioner attempted to challenge the Court's dismissal of a prior action, noting the disposition of the prior case was not a question in the pending matter).  Moreover, Plaintiff does not show any mistake by the Court in its dismissal of Case No. 1:23-cv-1157 JLT BAM, as the assertion that he filed a motion to proceed *in forma pauperis* in the prior matter is plainly contradicted by the Court's records.

---

[3] Plaintiff asserts the dismissal occurred on November 6, 2023, in a case assigned to the undersigned and Magistrate Judge McAuliffe.  Based upon the Court's review of Plaintiff's litigation history, it appears this was a typographical error and that Plaintiff refers to Case No. 1:23-cv-1157 JLT BAM, which the Court dismissed on November 16, 2023.

[4] It is unclear what appellate court decision Plaintiff references.  He did not file a Notice of Appeal in Case No. 1:23-cv-1157 or file an interlocutory appeal in this matter to the Ninth Circuit.

To the extent Plaintiff seeks reconsideration of the Court's order in this matter denying his application to proceed *in forma pauperis*, Plaintiff fails to show any reason under Rule 60(b) supports his request.  Plaintiff does not dispute the determination that he is subject to the three-strikes bar of 28 U.S.C. § 1915(g). (*See generally* Doc. 12 at 3-5.)  In addition, Plaintiff does not assert that he is in any imminent danger of serious physical injury. (*Id.*)  Thus, Plaintiff does not identify any factual or legal mistake by the Court in its analysis.  Rather, Plaintiff's request for relief appears predicated on his disagreement with the Court, which is insufficient to support his request for reconsideration.  *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision"); *Pac. Stock, Inc. v. Pearson Educ.*, 927 F. Supp. 2d 991, 1005 (D. Haw. 2013) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.") (citation omitted).

### III.     Request for Recusal

Plaintiff requests the recusal by the undersigned from this case. (Doc. 12 at 5.)  Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  In addition, a judge "shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

4

    (ii) Is acting as a lawyer in the proceeding;

    (iii) Is known by the judge to have an interest that could be substantially affected

    (iii) Is known by the judge to have an interest that could be substantially affected  by the outcome of the proceeding;

    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding."

28 U.S.C.§ 455(b). Thus, "Section 455(a) covers circumstances that *appear* to create a conflict of interest, whether or not there is actual bias," while "Section covers situations in which an *actual* conflict of interest exists, even if there is no appearance of one." *Herrington v. Sonoma County*, 834 F.2d 1488, 1502 (9th Cir. 1987) (emphasis in original, citations omitted).

  The purpose of Section 455 is "to avoid even the appearance of partiality." *Liljeberg v. Health Serv. Acquisition Corp*., 486 U.S. 847, 860 (1988) (citation omitted).  Thus, the standard for disqualification "is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (internal quotation marks, citations omitted).  The "reasonable person" is a "well-informed, thoughtful observer" and not an individual who is "hypersensitive or unduly suspicious." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotations omitted).

  Furthermore, disqualification pursuant to 28 U.S.C. § 455 is required only if the alleged bias "stems from an extrajudicial source." *Toth v. Trans World Airlines, Inc*., 862 F.2d 1381, 1388 (9th Cir. 1988).  Thus, "conduct or rulings made during the course of the proceeding" alone will not support a motion to disqualify." *Id*.; *see also Liteky v. United States*, 510 U.S. 540, 553 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," because "they cannot possibly show reliance upon an extrajudicial source'").  The moving party bears the burden of proving facts which justify disqualification or recusal. *Denardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992).

  Plaintiff requests recusal by the undersigned, contending the Court showed "personal animosity towards the Plaintiff" and committed "egregious misconduct." (Doc. 12 at 1, 2.)  Plaintiff alleges that the Court's orders show "personal biases and collusion." (*Id.* at 2, 3.)  He also contends he previously

filed a motion for recusal that the Court failed to address, which "exacerbates the appearance of bias and unfair treatment." (*Id.* at 3.)

Plaintiff does not identify any extrajudicial source to support his assertions of bias. Although Plaintiff contends the Court failed to address a prior motion for recusal, review of the docket does not show a prior motion for recusal directed to the undersigned. This alleged failure to respond to a prior motion does not support his request for refusal. Further, disagreement with the Court's orders— such as the denial of his application to proceed *in forma pauperis*— is insufficient to establish bias, or even the inference of bias. *See Toth*, 826 F.2d at 1388. The record before the Court does not support a conclusion that a reasonable person would believe the judge has exhibited any personal bias or animosity in this action by finding Plaintiff is subject to the three-strikes provision of 28 U.S.C. § 1915(g) and was required to pay the filing fee. *See Studley*, 783 F.2d at 939. Because Plaintiff did not identify any "extrajudicial source" for the alleged bias, and the prior order alone does not support the request for disqualification, Plaintiff fails to meet the burden to identify facts justifying recusal.

## IV.   Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiff's motion for relief under Rule 60(b) is **DENIED**.
2. Plaintiff's request for recusal is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 13, 2025**

UNITED STATES DISTRICT JUDGE