UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN, <br><br> Plaintiff, <br><br> v. <br><br> THERESA CISNEROS, et al., <br><br> Defendants. | No. 1:24-cv-00022 JLT GSA (PC) <br><br> ORDER GRANTING PLAINTIFF <u>FINAL</u> LEAVE TO FILE AMENDED COMPLAINT THAT COMPLIES WITH FEDERAL RULE OF CIVIL PROCEDURE 8 <br><br> PLAINTIFF'S AMENDED COMPLAINT – IF ANY – DUE IN TWENTY-ONE DAYS |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. As three strikes litigant, Plaintiff has paid the filing fee. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's "Addendum to Plaintiff's Claim Under 42 U.S.C. 1983 and the 1985-1986 Conspiracy Laws." ECF No. 19. For the reasons stated below, Plaintiff will be given a <u>final</u> opportunity to file an amended complaint that complies with the short and plain statement requirements of Federal Rule of Civil Procedure 8 and that does not refer back to his previous pleadings. He will be given twenty-one days to do so.

I.     <u>RELEVANT BACKGROUND</u>

     A. <u>Screening of Complaint</u>

On May 22, 2024, the Court screened Plaintiff's complaint and determined that it did not

1

1  comply with Federal Rule of Civil Procedure 8.  <u>See</u> <u>generally</u> ECF No. 14.  Specifically, the

2  Court found that the complaint – which was eighteen pages including exhibits – did not contain a

3  short and plain statement of the claim showing that he was entitled to relief, nor were the

4  allegations in it simple, concise, and direct.  <u>See</u> <u>id.</u> at 5-6.

5        Based on these findings, Plaintiff was ordered to file an amended complaint that complied

6  with Rule 8.  ECF No. 14 at 4-5.  At that time, Plaintiff was sent the Court's Civil Rights

7  Complaint By a Prisoner form, and in boldface type, the Court clearly **suggested** to Plaintiff that

8  he "**only use the space provided on the form to state his substantive claims.**"  <u>Id.</u> at 5-6.

9  Plaintiff was also told:  (1) that the Court would not review any of his past supplements or

10 pleadings when determining the substance of his claims, and (2) that when he filed his amended

11 complaint, it was to be "a complete pleading in and unto itself."  <u>Id.</u> at 6.  Plaintiff was given

12 thirty days to leave to file an amended complaint, and he was warned – again in boldface type –

13 that his "**failure to comply with the Court's order as directed and/or within the time allotted**

14 **[might] result in a recommendation that this matter be dismissed.**"  <u>Id.</u> at 6 (brackets added).

15                   B.  <u>Plaintiff's Failure to Timely File an Amended Complaint</u>

16       Plaintiff failed to timely file an amended complaint.  As a result, on July 30, 2024, – a full

17 five weeks after Plaintiff's amended complaint had been due – Plaintiff was ordered to show

18 cause why his case should not be dismissed for failure to obey a court order.  ECF No. 16.  In that

19 order, as an alternative to filing the showing of cause, Plaintiff was given <u>yet</u> <u>another</u> <u>opportunity</u>

20 to file an amended complaint.  <u>Id.</u> at 2.  He was given <u>another</u> thirty days to file an amended

21 complaint, and <u>once</u> <u>again</u>, he was cautioned that "**failure to comply with [the] order within the**

22 **time allotted [might] result in a recommendation that this matter be dismissed.**"  <u>Id.</u> at 2.

23                   C.  <u>Plaintiff's Instant Addendum to Complaint</u>

24       On August 8, 2024, Plaintiff filed the instant "addendum" to his complaint.  ECF No. 19.

25 Contrary to the directives clearly given to Plaintiff in the Court's two previous orders, the

26 document:  (1) is not a pleading that is complete in and unto itself as required by law; (2) is not on

27 the Court's civil rights complaint form, and (3) at thirty-two pages in length, <u>without</u> <u>exhibits</u>,

28 once again violates Federal Rules of Civil Procedure 8(a)(2) and (d)(1).

II.   DISCUSSION

    A.   Relevant Considerations

At this stage of the proceedings, a litigant may only amend a complaint when the Court gives leave for him to do so. See Fed. R. Civ. P. 15(a)(2). Leave should be given when justice requires it. Id.

In addition, the Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

    B.   Findings

To date, Plaintiff has been given two opportunities to file a proper amended complaint. See ECF Nos. 14, 16 (screening order; order to show cause, respectively). Despite this fact, instead of filing a proper amended complaint that complies with Rule 8, that is on the Court's civil rights complaint form, and that does not refer back to previous pleadings that he has filed, Plaintiff has completely disregarded the Court's directives. Instead, he has filed the instant thirty-two page, partially single-spaced "addendum" to his original complaint.

This Court need not continue to give Plaintiff endless opportunities to file an amended complaint that complies with the federal rules and the Court's instructions, especially when Plaintiff has been given clear guidance as to what constitutes a proper amended complaint. Plaintiff's continued failure to comply with the Court's directives and the federal rules is inexcusable, and it is severely impacting the Court's limited resources.

At this point, given that Plaintiff has twice been warned that his failure to comply with the Court's orders could result in a recommendation that this case be dismissed, the Court is ready to make this recommendation. Prior to doing so, however, Plaintiff will be given a third and final opportunity to file an amended complaint.

3

Given that to date, Plaintiff has not done well with general guidelines and specific orders from the Court, the Court will – for a <u>final</u> time – order the following. Should Plaintiff choose to file an amended complaint, he <u>must</u> file it on the Court's Civil Rights Complaint by a Prisoner form. The amended complaint <u>must</u> comply with Rule 8(a)(2) and (d)(1). To that end, any amended complaint that Plaintiff completes must <u>only</u> be **twenty five or less pages in length** – including exhibits – and it <u>must</u> comply with federal and local rules with respect to typeface, font-size, and line spacing. Plaintiff is further ordered to review the Court's May 2024 screening order (<u>see</u> ECF No. 14 at 4-6) which clearly states what an amended complaint should contain and must not contain.

Plaintiff will be given twenty-one days to file an amended complaint which complies with the Court's directives. Absent exigent circumstances, <u>no</u> requests for extensions of time will be granted. Finally, Plaintiff is informed that should he choose not to file an amended complaint, the Court will presume that he wishes to stand on his original complaint, and consistent with the Court's screening of it, it will be recommended that this case be dismissed for failure to comply with Rule 8.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff another copy of the Court's Civil Rights Complaint By a Prisoner form, and Plaintiff must use that form if he elects to file an amended complaint;

2. Within twenty-one days from the date of this order, Plaintiff may file an amended complaint,[1] and

3. The amended complaint <u>must</u> comply with all directives stated in this order and be no longer than 25 pages in length, including exhibits.

**Plaintiff is cautioned that absent exigent circumstances, his failure to comply with this order <u>in</u> <u>its</u> entirety within the time allotted <u>will</u> result in a recommendation that this**

---

[1] As an alternative to filing an amended complaint, Plaintiff may stand on his original complaint, or he may voluntarily dismiss this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

4

**matter be dismissed.**

IT IS SO ORDERED.

Dated:   **June 18, 2025**                     /s/ Gary S. Austin
                                             UNITED STATES MAGISTRATE JUDGE