# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARROD MOTEN,<br><br>   Plaintiff,<br><br>  v.<br><br>CISNEROS, et al.,<br><br>   Defendants. | No. 1:24-cv-00022-JLT-FRS (BAM) (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT<br>(ECF No. 31)<br><br>ORDER STRIKING LODGED THIRD AMENDED COMPLAINT<br>(ECF No. 32)<br><br>ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT, **NOT TO EXCEED TWENTY-FIVE (25) PAGES**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Sharrod Moten ("Plaintiff") is a state prisoner appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On December 29, 2025, the Court granted Plaintiff's motion for leave to file a second amended complaint. (ECF No. 28.)

Currently before the Court is Plaintiff's motion for leave to file a third amended complaint, filed February 13, 2026. (ECF No. 31.) Plaintiff also lodged a proposed third amended complaint. (ECF No. 32.) Plaintiff states that amendment is sought in good faith to: (1) remove a Lancaster-based defendant to streamline the pleading and reduce misjoinder concerns, (2) substitute/add the correct SATF-Corcoran Health Care Executive in place of the incorrectly identified Health Care executive, and (3) add failure-to-protect allegations that were

1

inadvertently omitted from the prior pleading, arising from the same SATF transfer/intake and related events.  Plaintiff states that the amendment clarifies parties, narrows the transactions/occurrences at issue, and strengthens Rule 8 compliance, promoting efficient screening and adjudication.  (ECF No. 31.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility.  Plaintiff's second amended complaint has not yet been screened and no defendants have been served or have appeared in this action.  Accordingly, Plaintiff's motion to amend shall be granted.  However, Plaintiff's proposed third amended complaint is thirty-seven pages in length, in excess of the Court's page limitations.  The proposed third amended complaint also appears to include multiple versions of the Court's complaint form.  Plaintiff therefore must file a third amended complaint, **not to exceed twenty-five (25) pages**, excluding exhibits, in compliance with the Court's page limits.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's third amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion for leave to file a third amended complaint, (ECF No. 31), is GRANTED IN PART;

2.  Plaintiff's proposed third amended complaint, lodged February 13, 2026, (ECF No. 32), is STRICKEN from the record for failure to comply with the Court's page limitations;

3.  The Clerk of the Court shall send Plaintiff a complaint form;

4.  Plaintiff's third amended complaint, **not to exceed twenty-five (25) pages**, excluding exhibits, is due within **thirty (30) days** from the date of service of this order; and

5.  **If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order.**

IT IS SO ORDERED.

Dated:    **February 21, 2026**            /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

3